COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


CAROLYN R. MOORE

MEMORANDUM OPINION[*]
v.    Record No. 3113-96-4                    PER CURIAM
APRIL 22, 1997
PRINCE WILLIAM COUNTY CIRCUIT COURT


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Peter J. Jones, on briefs), for appellant.
                Appellant submitting on brief.

                (Sharon E. Pandak, County Attorney; M. Alice
                Rowan, Assistant County Attorney, on brief),
                for appellee.  Appellee submitting on brief.


        Carolyn R. Moore appeals from a decision of the Workers'

Compensation Commission (commission) granting Prince William

County Circuit Court (employer) a credit against Moore's future

temporary partial disability benefits based upon the commission's

finding of a mutual mistake of fact, which resulted in double

recovery to Moore between March 9, 1995 and June 21, 1995.

Finding no error, we affirm.

        On January 31, 1992, Moore sustained an injury to her back,

hip and leg while working for employer as a data entry operator.

 Employer accepted the claim as compensable and paid various

periods of temporary total and temporary partial disability

benefits.  On June 29, 1995, employer filed an application

seeking a credit for overpayment of temporary partial disability

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

benefits.  Between March 9, 1995 and June 21, 1995, employer's self-insurance administrator, Trigon Administrators ("Trigon"), paid Moore $100.25 per week in temporary partial disability benefits.  During the same period of time, employer paid Moore her full wages.[1]

Based upon this record, the commission held that "the receipt of benefits while receiving full salary was a mutual mistake resulting in a double recovery and unjust enrichment." Consequently, the commission awarded employer a credit for the overpayment against Moore's future temporary partial disability benefits.

"'[T]he purpose of the Workers' Compensation Act is to compensate injured workers for lost wages, not to enrich them unjustly.'"  Collins v. Department of Alcoholic Beverage Control, 21 Va. App. 671, 678, 467 S.E.2d 279, 282 (1996).  The General Assembly has granted "the Commission the power and authority not only to make and enforce its awards, but protect itself and its awards from fraud, imposition, and mistake."  Id. at 679-80, 467 S.E.2d at 283.

In this case, the record established that the parties made a significant mutual mistake of fact in paying compensation

[1] Pursuant to an award dated November 28, 1995, which memorialized various Supplemental Memorandum of Agreements executed by the parties, Moore was to receive $100.25 per week, during partial incapacity, from March 9, 1995 through June 30, 1995; $230.00 per week, during incapacity, from July 20, 1995 through July 20, 1995; and $86.18 per week, during partial incapacity, beginning July 21, 1995.

benefits to Moore pursuant to their executed agreements.[2]  To determine whether a mutual mistake occurred, we inquire "whether each party held the same mistaken belief with respect to a material fact at the time . . . [the payments were made and received]."  Id. at 681, 467 S.E.2d at 283.  In this case, employer and Trigon acted under the mistaken belief that Moore was receiving payment from only one source, and Moore acted under the mistaken belief that she was entitled to receive her full wage and temporary partial disability benefits simultaneously during the time period from March 9, 1995 through June 21, 1995.  The mistake was mutual.

As we stated in Collins, "[w]ithin the principles established by statutes and the Supreme Court decisions, the commission has '"jurisdiction to do full and complete justice in each case."'  Justice is not attained by failing to correct obvious mistakes or declining to place the parties in positions which are in accord with the Act."  Id. at 681, 467 S.E.2d 283-84 (citations omitted).

Accordingly, we affirm the commission's decision awarding employer a credit for its overpayment of temporary partial

_____

[2]Although we find that the record supports the commission's finding of a mutual mistake of fact, we point out that in Collins we recognized that "[i]t is immaterial whether the mistake of fact is mutual or unilateral; Harris [v. Diamond Constr. Co., 184 Va. 711, 720, 36 S.E.2d 573, 577 (1946),] holds that the commission has the implied power to 'do full and complete justice in each case,' including the power to vacate awards entered by mistake."  Collins, 21 Va. App. at 680, 467 S.E.2d at 283.

3

disability benefits to Moore between March 9, 1995 and June 21, 1995.

                                                    <u>Affirmed.</u>

Benton, J., dissenting.

Based largely upon the reasoning set forth in my dissent in Collins v. Department of Alcoholic Beverage Control, 21 Va. App. 671, 681-87, 467 S.E.2d 279, 284-87 (1996), I disagree with the majority's holding in this case. The commission's finding that a mutual mistake occurred is not supported by the record. Rather, the evidence established that employer and Trigon mistakenly paid Moore both temporary partial disability benefits and her full wages during the same period of time. The mistake was made by employer and Trigon, not Moore. Thus, it was unilateral. See id. at 684, 467 S.E.2d at 285. Even if Moore labored under the mistaken belief that she was entitled to both payments, a mutual mistake nevertheless would not exist because Moore and the employer did not share "the same mistaken belief." Id. at 681, 467 S.E.2d at 283 (emphasis added). In addition, as in Collins, Moore "did nothing to aid or induce [employer's] mistake." Id. at 684, 467 S.E.2d at 285. Moreover, no evidence proved that Moore was guilty of fraud or misrepresentation. Because the record does not prove a mutual mistake of fact, I would reverse the commission's decision.

The deputy commissioner and the full commission did not address employer's contention that Moore's receipt of compensation benefits and full wages during the same time period constituted an "increase in earnings," within the meaning of Code § 65.2-712, and that Moore had a duty to report the increase to

5

employer.  This argument is without merit.  No evidence established that Moore sustained an increase in earnings. Rather, the evidence clearly showed that employer and Trigon, through a unilateral mistake, paid Moore for the same period of time.  A unilateral mistake is not sufficient to invoke the remedy sought by employer in this case.  See Collins, 21 Va. App. at 681-83, 467 S.E.2d at 284.

For these reasons, I would reverse the commission's award.